AO 241
(Rev. 12/04)

Page 2

−06−715−

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: DELAWARE | |
|---|---|---|
| Name (under which you were convicted): EDWARD J. Kelly | | Docket or Case No.: |
| Place of Confinement: DELAWARE CORRECTIONAL CENTER | Prisoner No.: 070126 | |
| Petitioner (include the name under which you were convicted) EDWARD J. Kelly | Respondent (authorized person having custody of petitioner) v.  STATE OF DELAWARE | |
| The Attorney General of the State of | | |

FILED

NOV 29 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE
BP scanned

## PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:
    DELAWARE SUPREME COURT, 55 THE GREEN, DOVER, DELAWARE 19901

    (b) Criminal docket or case number (if you know): No. 354, 2006 (APPEAL)

2.  (a) Date of the judgment of conviction (if you know): APPEAL CASE, OCT 27, 2006

    (b) Date of sentencing: N/A

3.  Length of sentence: N/A

    APPEAL FRom Del. Supreme

4.  In this case, were you convicted on more than one count or of more than one crime? Court ☐ Yes   ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case:

6.  (a) What was your plea? (Check one)

    ☐ (1)   Not guilty       ☐ (3)   Nolo contendere (no contest)       N/A

    ☐ (2)   Guilty           ☐ (4)   Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

N/A

(c) If you went to trial, what kind of trial did you have? (Check one)

☐ Jury    ☐ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes    ☐ No

N/A

8.    Did you appeal from the judgment of conviction?

☐ Yes    ☐ No

9.    If you did appeal, answer the following:

(a) Name of court:

(b) Docket or case number (if you know):

(c) Result:

(d) Date of result (if you know):

(e) Citation to the case (if you know):

(f) Grounds raised:

(g) Did you seek further review by a higher state court?    ☐ Yes    ☐ No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

N/A

(3) Result:

(4) Date of result (if you know):

(5) Citation to the case (if you know):

(6) Grounds raised:

N/A

(h) Did you file a petition for certiorari in the United States Supreme Court?     ☐ Yes    ☐ No

If yes, answer the following:

(1) Docket or case number (if you know):

N/A

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions

concerning this judgment of conviction in any state court?        ☐ Yes        ☐ No

11.    If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court:

(2) Docket or case number (if you know):

N/A

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition. application, or motion?

☐    Yes    ☐  No

(7) Result:

N/A

(8) Date of result (if you know):

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

$N/A$

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☐ No

(7) Result:

(8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

$N/A$

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐   Yes       ☐  No

(7) Result:

(8) Date of result (if you know):

N/A

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

(1) First petition:        ☐   Yes        ☐   No

(2) Second petition:   ☐   Yes        ☐   No          N/A

(3) Third petition:      ☐   Yes        ☐   No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12.     For this petition, state every ground on which you claim that you are being held in violation of the Constitution,
        laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts
        supporting each ground.

        CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court
        remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the
        grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: Violation of U.S. Const. Due Process And Equal Protection

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Judges Have Been
the State of Delaware, Attorney General's office And Judges Have Been
Targeting Delaware's Habitual Criminal Statute Towards Certain People
And Not "All." Defendants Agues the Habitual Statue is Mandatory
And the State Has No Discretion To Select Any Individual.

(b) If you did not exhaust your state remedies on Ground One, explain why:
Appealed: Dela. Superior And Supreme Courts.
Have Exhausted All My Remedies.

(c)     **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ☐   Yes          ☐   No

(2) If you did not raise this issue in your direct appeal, explain why:          N/A

**(d) Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐     Yes          ☐   No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:          N/A

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?          ☐   Yes     ☐   No

(4) Did you appeal from the denial of your motion or petition?          ☐   Yes     ☐   No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ☐   Yes     ☐   No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:          N/A

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

N|A

**GROUND TWO:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

N/A

(b) If you did not exhaust your state remedies on Ground Two, explain why:

N/A

(c)     **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ☐ Yes     ☐ No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

N/A

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes     ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

N/A

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

N/A

(3) Did you receive a hearing on your motion or petition?                                    ☐ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?                          ☐ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

N/A

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you : have used to exhaust your state remedies on Ground Two

N/A

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

N/A

(b) If you did not exhaust your state remedies on Ground Three, explain why?

N/A

(c)  **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?      ☐  Yes      ☐  No

(2) If you did not raise this issue in your direct appeal, explain why:

N/A

(d)  **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐  Yes      ☐  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

N/A

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?                              ☐  Yes      ☐  No

(4) Did you appeal from the denial of your motion or petition?                        ☐  Yes      ☐  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐  Yes      ☐  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

N/A

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

N/A

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

N/A

(b) If you did not exhaust your state remedies on Ground Four, explain why:

N/A

(c)     **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?      ☐  Yes      ☐  No

(2) If you did not raise this issue in your direct appeal, explain why:

N/A

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐   Yes     ☐  No

(2) If your answer to Question (d)(1) is "Yes," state:

N/A

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

N/A

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?                                    ☐  Yes      ☐  No

(4) Did you appeal from the denial of your motion or petition?                              ☐  Yes      ☐  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐  Yes      ☐  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

N/A

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

N/A

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you
        have used to exhaust your state remedies on Ground Four:

N/A

AO 241
(Rev. 12/04)

Page 13

N/A

13.    Please answer these additional questions about the petition you are filing:

(a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court
having jurisdiction?    ☐ Yes    ☐ No
If your answer is "No," state which grounds have not been so presented and give your reason(s) for not
presenting them:

(b)    Is there any ground in this petition that has not been presented in some state or federal court? If so,
ground or grounds have not been presented, and state your reasons for not presenting them:

N/A

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction
that you challenge in this petition?    ☐ Yes    ☐ No
If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues
raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy
of any court opinion or order, if available.

N/A

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for
the judgment you are challenging?    ☐ Yes    ☐ No
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the
raised.

N/A

AO 241
(Rev. 12/04)

16.     Give the name and address, if you know, of each attorney who represented you in the following stages of the

judgment you are challenging:

(a) At preliminary hearing:

(b) At arraignment and plea:

(c) At trial:                                      N/A

(d) At sentencing:

(e) On appeal:

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

17.     Do you have any future sentence to serve after you complete the sentence for the judgment that you are

challenging? .          ☐ Yes      ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

N/A

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

future?              ☐ Yes      ☐ No

18.     TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

N/A

AO 241
(Rev. 12/04)

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)  A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

  (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

  (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

  (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241<br>(Rev. 12/04)

    (2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

VACATE CRiMiNAl HABiTuAl SeNTeNCe

or any other relief to which petitioner may be entitled.

Edward J. Kelley

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on    NoV. 19, 2006   (month, date, year).

Executed (signed) on    NoV. 20, 2006 (date).

Edward J. Kelley, Pro Se.

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

## IN FORMA PAUPERIS DECLARATION

[insert appropriate court]

* * * * *

IN THE SUPREME COURT OF THE STATE OF DELAWARE

EDWARD J. KELLY,                   §
                                   § No. 354, 2006
        Defendant Below-           §
        Appellant,                 §
                                   § Court Below—Superior Court
        v.                         § of the State of Delaware
                                   § in and for New Castle County
STATE OF DELAWARE,                 § Cr. ID No. 82005725DI
                                   §
        Plaintiff Below-           §
        Appellee.                  §

Submitted: September 29, 2006
Decided: October 27, 2006

Before **STEELE**, Chief Justice, **HOLLAND** and **BERGER**, Justices

## O R D E R

This 27th day of October 2006, upon consideration of the briefs on appeal and the record below, it appears to the Court that:

(1)    The defendant-appellant, Edward J. Kelly (a.k.a. Abdullah Karim), filed an appeal from the Superior Court's June 12, 2006 order denying his motion for correction of an illegal sentence pursuant to Superior Court Criminal Rule 35(a). We find no merit to the appeal. Accordingly, we affirm.

(2)    In January 1983, Kelly was found guilty by a Superior Court jury of three counts of Robbery in the First Degree and one count each of Possession of a Deadly Weapon During the Commission of a Felony and

Possession of a Deadly Weapon By a Person Prohibited. He was sentenced as a habitual offender[1] to life imprisonment without the possibility of parole and to an additional thirty-five years of Level V incarceration. On direct appeal, this Court reduced one of the Robbery in the First Degree convictions to Attempted Robbery in the First Degree and affirmed the remaining convictions.[2]

(3)    In this appeal, Kelly claims that the State violated his constitutional rights by applying Section 4214(b) of the habitual offender statute to him and not to others with similar criminal records and, furthermore, that the Superior Court should not have denied his Rule 35(a) motion on the ground that it should have been pursued as a postconviction motion under Rule 61. In support of his argument of a constitutional violation, Kelly states only that, ". . . after six convictions my co-defendant was never sentenced as a habitual criminal."

(4)    Rule 35(a) permits the Superior Court to correct an illegal sentence "at any time." Relief under Rule 35(a) is available when the sentence imposed exceeds the statutorily authorized limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to

---

[1] Del. Code Ann. tit. 11, § 4214(b).

[2] *Kelly v. State*, Del. Supr., No. 23, 1984, Moore, J. (July 9, 1985). The matter was remanded to the Superior Court for re-sentencing solely on the first degree attempted robbery conviction.

2

be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[3]

(5)     Kelly has cited insufficient factual grounds to demonstrate that his sentence is illegal because the habitual offender statute has been applied in an unconstitutional manner by the Attorney General and the Delaware courts. Kelly concedes as much when he states in his reply brief that "[h]e would need subpoena power to review criminal records and files of the Attorney General, Public Defender's Office and the [S]uperior [C]ourt, to prove the . . . constitutional violations." Because Kelly has failed to demonstrate that his sentence is illegal and, therefore, that he is entitled to relief pursuant to Rule 35(a), we conclude that the Superior Court correctly denied his claim.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.[4]

BY THE COURT:

_Randy J. Holland_
Justice

---

[3] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

[4] *Unitrin, Inc. v. American General Corp.*, 651 A.2d 1361, 1390 (Del. 1995) (This Court may affirm a judgment of the Superior Court on grounds different from those relied upon by the Superior Court).

3

1

## In The United States District Court
## For the District Of Delaware

Edward J. Kelly,                    )
     Defendant Below,            )
       v.                              ) CA. No._____ _____
State Of Delaware,                  )
     Respondent Below,           )

## Petition for Writ of Habeas Corpus
## Pursuant To 28 U.S.C. 2254

Now comes the Defendant Edward J. Kelly (Kelly) Pro Se, and moves this honorable court for relief under 28 U.S.C. 2254. This is an appeal from the decision rendered from the Delaware Supreme Court on October 27, 2006.

The Defendant asserts the Delaware Supreme Court violated his constitutional rights of due process by not giving him a "fair hearing" before rendering their decision. Their ruling was frivolous at best and is a shameful representation of justice.

Defendant Kelly further believes not only did the Delaware Supreme court err in its decision, but should be ashamed to hold themselves out as Justices. A Justice is to represent fairness and not yield to outside pressure. Our state Supreme Court for a long time has been rendering frivolous decisions contrary to law or fairness. Defendant Kelly did not receive fairness in his appeal to that court in case no, 354, 2006.

The defendant Edward J. Kelly is appealing the decision of the Delaware Supreme court and states the following grounds to support his appeal:

## Argument

### I. Does State prosecutors and judges have discretion to sentence some criminals Pursuant to 11 Del. C. 4214, Delaware's habitual Criminal statute, and not all defendants...Even though they qualify for habitual sentencing?

The defendant argues that it is a violation of both the Delaware and United States constitutions due process, equal protection, selective prosecution and established state law created by Delaware's General Assembly, for state judges and prosecutors to target certain individuals to be sentenced under Delaware's habitual criminal statute 11 Del C. 4214.

1

It is also questionable when 98 % of those people sentenced pursuant to <u>11 Del. C.</u> 4214 are people of color, (Blacks and Hispanics), yet according to a recent Delaware report, whites commit more crimes in Delaware. One question before this court: "is the state of Delaware (Prosecutors and judges) using <u>11 Del. C.</u> 4214 to practice racism?"

According to established state law <u>11 Del. C.</u> 4214 does not permit discretion, by state prosecutors and judges. Once an individual commits a certain number of required felonies under section (a) or (b), the state attorney general or prosecutor, must file a motion to the court through <u>11 Del. C.</u> 4215. The purpose of the motion is to determine, by fair hearing, if the defendant does have the qualifying number of felonies, and if he does, the superior court has no choice, but to sentence the individual pursuant to <u>11 Del. C.</u> 4214, either section (a) or (b).

The only discretion a judge has is in section (a) where, he could sentence a defendant up to life. (Under the old provision, this has since changed) Section (b) of <u>11 Del. C.</u> 4214 is mandatory life. The statute <u>11 Del.C.</u> 4214 is written in mandatory language carefully constructed by our General Assembly, therefore it is established law. The same Delaware Code used to punish one for habitual should be enforced on all…prosecutors and judges as well should have to obey the dictates of state law. This is not the case in Delaware. Our supreme court thinks it can give any frivolous ruling to incarcerated poor black defendants who come before the court Pro Se.

If this honorable District court will carefully review the Delaware legislative language of <u>11 Del. C.</u> 4214 such verbs as **"shall and may"** denotes certain instructions. The word **"shall"** denotes a mandatory provision. One must do or not do a certain thing. According to Blacks' Law Dictionary, eighth edition, and quoted by most courts and legal scholars, the word **"shall",** means mandatory. I paraphrase <u>11 Del C.</u> 4214 sections (a) and (b).

**Section (a) any person who has been 3 times convicted of a felony, other**
**Than those which are specifically mentioned in subsection**
**(b) Of this section, under the laws of this state and/or any**
**Other state, United States or any territory of the United States, and who <u>shall</u>**
**therefore be convicted of a snbsequent felony of this state is declared to be**
**A habitual criminal.**

**Section (b) any person who has been 2 times convicted of a felony or an**
**Attempt to commit a felony hereinafter specifically named**
**Under the laws of this state and/or other state, United**
**States or any territory of the United states, and who <u>shall</u>**
**Thereafter be convicted of a subsequent felony…**
**11 <u>Del C.</u> 4214**
**Emphasis mine.**

The underlined words in the statute are clear. Anyone who has a certain number of prior felonies "must" be sentenced as a habitual criminal. In addition, the Delaware Supreme court in one of its own decisions defined **"shall" and "may"** in <u>Poe v. Poe,</u> 333

A.2d.403 (1975). The defendant Kelly argues that the state has been selecting certain individuals to be sentenced as habitual criminals for a long time, while letting others in the "same situation" go free. In addition, these men selected are poor black defendants. Who has committed petty crimes, for instance, one man stole less than ten dollars in a burglary. Another man was caught in the act trying to commit burglary; he stole nothing but received life without parole. Another man sold seventy dollars worth of cocaine to an undercover police officer and received life without parole. On and on, case after case. The habitual offender was not meant to be used towards people who have drug habits, or committed petty crimes. There are men housed in prison for stealing ten dollars that have the same sentence or longer than a serial rapist or murderer. This is a disgrace and abuse of our criminal laws.

Kelly argues this is a violation of the due process and equal protection. Since the state did not prosecute others than it is not fair that they prosecute him and give him a life sentence. What is good for one should be the same for everyone. According to Delaware Law, 11 Del.C. 4214. Plus it is fundamentally unfair, because all of the 98 percent of those sentenced were men of color that has received this harsh sentence.

The state in Ward v. State, 414 A.2d.499 (1980) said that the state cannot use nothing "but prior felonies" to sentence an individual as a habitual criminal. This means it is illegal for the state to use the habitual for the purpose of plea bargins, coercion, personal vendettas or anything other than the number of prior felony convictions. However, on its face we know this is not true. For example, and I gave this same example to the Supreme Court and the court attempted to confuse my example. My co-defendant had five prior convictions at the time of this offense (Which would have been his sixth conviction, he should have received the habitual years before, if based on just prior convictions), my co-defendant was never sentenced a habitual. It is wrong as well as illegal for the state to use selective enforcement of a criminal statute. See: Atlantic Digest Const. Law. 250.1 (13), also see: Oyler v. Boles, 368 U.S. sec. 448, 82 S.Ct. 501 (1962) According to 11 Del. C. 4214 it is illegal for the state to prosecute one and not everyone who qualifies a habitual criminal. Since everyone who qualified was not prosecuted and sentenced as a habitual criminal, Mr. Kelly cannot be prosecuted and sentenced in violation of due process and equal protection

## Relief Sought

Mr. Kelly humbly requests this court to vacate his sentence as a habitual criminal pursuant to 11 Del C. 4214, as he is serving an illegally imposed sentenced.

Respectfully,

Edward J. Kelly, #070126
1181 Paddock road
Delaware Correctional Center
Smyrna, Delaware 19977

Date: November 3, 2006

3

## Certificate of Service

I, _EDWARD J. Kelly_____,hereby certify that I have served a true

And correct cop(ies) of the attached: _Petition: 28 U.S.C. 2254_

_U.S. District Court_____ upon the following

parties/person (s):

TO: _DEPARTMENT OF JUSTICE_
_820 N. FRENCH STREET_
_C/o CARl DAWBERg, ATT. GENERAl_
_Wilmington, DE  19801_

_____

TO:_____

_____

_____

_____

TO: _Supreme Court of Dela._
_C/o Clerk of the Court_
_55 the Green_
_Dover, DE. 19801_

_____

TO: _____

_____

_____

_____

**BY PLACING SAME IN A SEALED ENVELOPE**, and depositing same in the United
States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this_ 3 Rd _____day of _NoVemBeR_____,200_6_

_Edward J. Kelly_

I/M EDWARD J. Kelly
SBI# 070126 UNIT S-1
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977



U.S. District Court
Lock Box 18   C/o Clerk
844 King St
Wilmington, De.
19801