## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

EDWARD J. KELLY,                        :
                                :

        Petitioner,              :

                                 :

        v.                               :    Civ. Act. No. 06-715-***

                                 :

**THOMAS CARROLL**, Warden,             :
and **JOSEPH R. BIDEN, III**, Attorney  :
General of the State of Delaware,       :

                                 :

        Respondents.             :

## MOTION FOR LEAVE
## TO FILE MOTION TO DISMISS

Respondents move for leave to file a motion to dismiss, in lieu of an answer, under Rule

5 of the Rules Governing Section 2254 Actions and in support thereof state the following:

In January 1983, a Delaware Superior Court jury found petitioner Edward J. Kelly guilty

of three counts of first degree robbery and one count each of second degree conspiracy,

possession of a deadly weapon during the commission of a felony and possession of a deadly

weapon by a person prohibited. *State v. Kelly*, 1986 WL 9927, *1 (Del. Super. Ct. Aug. 22,

1986). Superior Court sentenced Kelly as an habitual offender to life in prison, not subject to

probation, suspension or parole, and an additional 35 years imprisonment. *Id.* On direct appeal,

the Delaware Supreme Court reduced one of the robbery convictions to attempted first degree

robbery and affirmed the remaining convictions. *Kelly v. State*, 1985 WL 13673 (Del. July 9,

1985). Kelly filed several state postconviction motions, all of which were denied. *See Kelly v.*

*State*, 2006 WL 3053305 (Del. Oct. 23, 2006); *Karim v. State*, 1996 WL 627537 (Del. Oct. 18,

1996); *Karim v. State*, 1991 WL 181498 (Del. Sept. 9, 1991); *Kelly v. State*, 1987 WL 36202

(Del. Jan. 23, 1987); *Karim v. State*, 2001 WL 282899 (Del. Super. Ct. Mar. 16, 2001). In

addition, Kelly has applied for federal habeas relief on three separate occasions. *See Kelly v. Redman*, Civ. Act. No. 85-562-JLL (D. Del. Feb. 4, 1986); *Kelly v. Redman*, Civ. Act. No. 87-83-JFF (D. Del. Sept. 23, 1987); *Karim v. Taylor*, Civ. Act. No. 91-677-LON (June 24, 1993).

In a petition dated November 20, 2006, Kelly has again applied for federal habeas relief. D.I. 2. The petition, however, is subject to the terms of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, signed by the President on April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 326 (1997) (holding AEDPA applies to "such cases as were filed after the statute's enactment."). Under AEDPA, a state prisoner submitting a second or successive petition must obtain leave from the court of appeals to file the petition. 28 U.S.C. § 2244(b)(3)(A).

Though Habeas Rule 5 requires the filing of an answer to the petition, Habeas Rule 4 provides that the district court may permit other pleadings to be filed in response to a federal habeas petition. Indeed, the Advisory Committee Notes to Rule 4 makes that perfectly clear; "For example, the judge may want to authorize the respondent to make a motion to dismiss based on information furnished by respondent . . . ." In light of the jurisdictional defect in Kelly's instant action, a full answer to the allegation in the petition is unnecessary. If judicial economy and efficiency are important considerations behind requiring an "answer" under Rule 5, those considerations are equally well served by allowing a motion to dismiss in this case where the filing of the petition has not been authorized under § 2244(b)(3). *See also Benchoff v. Colleran*, 404 F.3d 8112, 816 (3d Cir. 2005) ("Unless both the procedural and substantive requirements of § 2244 are met, the District Court lacks authority to consider the merits of the petition."). In the event that Kelly obtains the requisite permission from the Court of Appeals under § 2244(b)(3), respondents, consistent with Rule 5 and local practice, can then file an answer to the petition.

To minimize any delay, respondents have, contemporaneously with this application, filed the motion to dismiss the petition.

For the foregoing reasons, the application for leave to file a motion to dismiss should be granted.

/s/ Elizabeth R. McFarlan
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 3759
elizabeth.mcfarlan@state.de.us

Date: February 22, 2007

## RULE 7.1.1 CERTIFICATION

I hereby certify that I have neither sought nor obtained the consent of the petitioner, who is incarcerated and appearing *pro se*, to the subject matter of this motion.

/s/ Elizabeth R. McFarlan
Deputy Attorney General

Counsel for Respondents

## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2007, I electronically filed a motion for leave to file motion to dismiss with the Clerk of Court using CM/ECF. I also hereby certify that on February 22, 2007, I have mailed by United States Service, two copies of the same document to the following non-registered participant:

Edward J. Kelly
SBI No. 070126
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

/s/ Elizabeth R. McFarlan
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 3759
elizabeth.mcfarlan@state.de.us