## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

EDWARD J. KELLY,                          :
                                          :
              Petitioner,                 :
                                          :
       v.                                 :       Civ. Act. No. 06-715-***
                                          :
THOMAS CARROLL, Warden,                   :
and JOSEPH R. BIDEN, III, Attorney        :
General of the State of Delaware,         :
                                          :
              Respondents.                :

### MOTION TO DISMISS

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, respondents move to dismiss the petition for a writ of habeas corpus on the grounds that the Court lacks subject matter jurisdiction for the following reasons:

In January 1983, a Delaware Superior Court jury found petitioner Edward J. Kelly guilty of three counts of first degree robbery and one count each of second degree conspiracy, possession of a deadly weapon during the commission of a felony and possession of a deadly weapon by a person prohibited. *State v. Kelly*, 1986 WL 9927, *1 (Del. Super. Ct. Aug. 22, 1986). Superior Court sentenced Kelly as an habitual offender to life in prison, not subject to probation, suspension or parole, and an additional 35 years imprisonment. *Id.* On direct appeal, the Delaware Supreme Court reduced one of the robbery convictions to attempted first degree robbery and affirmed the remaining convictions. *Kelly v. State*, 1985 WL 13673 (Del. July 9, 1985). Kelly filed several state postconviction motions, all of which were denied. *See Kelly v. State*, 2006 WL 3053305 (Del. Oct. 23, 2006); *Karim v. State*, 1996 WL 627537 (Del. Oct. 18, 1996); *Karim v. State*, 1991 WL 181498 (Del. Sept. 9, 1991); *Kelly v. State*, 1987 WL 36202

(Del. Jan. 23, 1987); *Karim v. State*, 2001 WL 282899 (Del. Super. Ct. Mar. 16, 2001). In addition, Kelly has applied for federal habeas relief on three separate occasions. *See Kelly v. Redman*, Civ. Act. No. 85-562-JLL (D. Del. Feb. 4, 1986); *Kelly v. Redman*, Civ. Act. No. 87-83-JFF (D. Del. Sept. 23, 1987); *Karim v. Taylor*, Civ. Act. No. 91-677-LON (June 24, 1993).

In a petition dated November 20, 2006, Kelly has again applied for federal habeas relief. D.I. 2. The petition, however, is subject to the terms of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, signed by the President on April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 326 (1997) (holding AEDPA applies to "such cases as were filed after the statute's enactment."). Under AEDPA, a state prisoner submitting a second or successive petition must obtain leave from the court of appeals to file the petition. 28 U.S.C. § 2244(b)(3)(A); *see Felker v. Turpin*, 518 U.S. 651, 657 (1996) (§2244(b)(3)(A) creates a "gatekeeping" mechanism that requires a prospective applicant to "file in the court of appeals a motion for leave to file a second or successive habeas application in the district court."); *see also In re Minarik*, 166 F.3d 591, 599-600 (3d Cir. 1999) (§ 2244 applicable even if prior petition was filed and decided before AEDPA). Kelly's petition, raising only a claim regarding his 1983 sentencing as an habitual offender, does not challenge conduct that occurred subsequent to the filing of the earlier petitions. Kelly asserts that the Delaware habitual offender statute (*see* Del. Code Ann. tit. 11, §§ 4214, 4215(b)) must be applied to every eligible defendant, and that because that has not occurred, his sentence under the habitual offender statute is in violation of due process and equal protection guarantees. In support of his contention, Kelly provides the example of his co-defendant who had five prior felony convictions at the time of the 1982 bank robbery. *See* D.I. 2 at 23. Clearly then, Kelly's argument was available to him when he filed his earlier federal habeas petitions. Thus, Kelly's instant petition is clearly a "second or successive"

petition. *See Benchoff v. Colleran*, 404 F.3d 812, 817-18 (3d Cir. 2005). The record is clear that Kelly has not obtained leave from the Court of Appeals for the Third Circuit to file the instant petition. Accordingly, by operation of § 2244(b)(3), this Court has no jurisdiction to consider Kelly's latest petition, and the case must therefore be dismissed. *See id.* at 820; *Felker*, 518 U.S. at 657 (1996).

Respondents attach herewith the memorandum opinions of the Court in Civil Action Numbers 85-562-JLL, 87-83-JJF and 91-677-LON.

For the foregoing reasons, the petition for a writ of habeas corpus should be dismissed for lack of subject matter jurisdiction.

/s/ Elizabeth R. McFarlan
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 3759
elizabeth.mcfarlan@state.de.us

Date: February 22, 2007

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EDWARD J. KELLY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 85-562 |
| WALTER REDMAN, WARDEN, AND | ) | JLL |
| CHARLES OBERLY, ATTORNEY | ) | |
| GENERAL OF THE STATE OF | ) | |
| DELAWARE, | ) | |
| | ) | |
| Respondents. | ) | |

---

Edward J. Kelly, petitioner, **pro se**.

Loren Meyers, Esquire, Deputy Attorney General, Department of
Justice, Wilmington, Delaware, attorney for respondents.

---

## MAGISTRATE'S REPORT AND RECOMMENDATION

Dated:  January 16, 1986

Wilmington, Delaware

*R. Richard Powers*
POWERS, U. S. MAGISTRATE

The petitioner in this habeas corpus action, Edward Kelly, challenges his state court convictions for first degree robbery (two counts), attempted first degree robbery, second degree conspiracy, possession of a deadly weapon during the commission of a felony and possession of a deadly weapon by a person prohibited. He also challenges the life sentence he received as a habitual offender. Three claims are raised in the petition, first, that the application of the habitual offender statute in Kelly's case violates the ex post facto clause; second, he was denied a fair trial because of the jury's exposure to a newspaper article setting out his prior criminal record; and third, that there was insufficient evidence to convict him of any crime.

Petitioner has afforded the state courts a fair opportunity to consider his constitutional claims. Consequently he has exhausted his state remedies within the meaning of 28 U.S.C. § 2254(b), (c). Turning to the merits of the petition, I conclude that none of the claims have merit and therefore I recommend that the writ be denied and the petition dismissed.

1.  Habitual Offender Sentencing.

On motion of the state Kelly received a life sentence as a habitual offender under 11 Del. § 4214(b) as a result of two prior felony convictions of the types enumerated in § 4214(b), a

1972 federal bank robbery conviction and a 1975 Delaware robbery conviction. Prior to 1974, the habitual offender statute required three prior felony convictions before it was applicable to a defendant appearing for sentencing. According to Kelly, the applicability of the statute to him, by taking into account his 1972 conviction which preceeded the 1974 amendment, violates the ex post facto clause.

In McDonald v. Massachusetts, 180 U. S. 311 (1901), the Supreme Court considered an ex post facto claim advanced by a defendant sentenced under Massachusetts' habitual criminal law. The Court held:

> "The fundamental mistake of the plaintiff in error is his assumption that the judgment below imposes an additional punishment on crimes for which he had already been convicted and punished in Massachusetts and in New Hampshire.
>
> "But it does no such thing. The statute under which it was rendered is aimed at habitual criminals; and simply imposes a heavy penalty upon conviction of a felony committed in Massachusetts since its passage, by one who had been twice convicted and imprisoned for crime for not less than three years, in this, or in another State, or once in each. The punishment is for the new crime only, but is the heavier if he is an habitual criminal. ... The allegation of previous convictions is not a distinct charge of crimes, but is necessary to bring the case within the statute, and goes to the punishment only. The statute, imposing a punishment on none but future crimes, is not ex post facto. It affects alike all persons similarly situated, and therefore

> does not deprive any one of the equal
> protection of the laws."

Id. at 312-13.1.  The Supreme Court's 1901 decision has

frequently been interpreted by the lower federal courts for the

proposition that no ex post facto problem arises simply because

one of the defendants' predicate offenses was committed before

the enactment of a habitual offender law with its enhanced

punishment, e.g., Fong v. United States, 287 F.2d 525, 526 (9th

Cir. 1961); Collins v. Duckworth, 559 F. Supp. 541, 543 (N.D.Ind.

1983); Alaway v. United States, 280 F. Supp. 326, 334 (C.D. Cal.

1968).

Since there is no merit to this claim, I recommend

that it be dismissed.

2.  Jury Exposure To Trial Publicity.

Apparently during the jury deliberations, an article

appeared in the Morning News which recounted petitioner's

criminal record.  The state transcript indicates the following

colloquy between the trial judge and the jury:

---

1See also, Gryger v. Burke, 334 U.S. 728 (1948), where the Court
made a similar observation with respect to Pennsylvania's
habitual offender law:

> "Nor do we think the fact that one of the
> convictions that entered into the calculations by
> which petitioner became a fourth offender
> occurred before the Act was passed, makes the Act
> invalidly retroactive or subjects the petitioner
> to double jeopardy.  The sentence as a fourth
> offender or habitual criminal is not to be viewed
> as either a new jeopardy or additional penalty
> for the earlier crimes.  It is a stiffened
> penalty for the latest crime, which is considered
> to be an aggravated offense because a repetitive
> one."  Id. at 732 (emphasis added).

"THE COURT:   Bailiff, bring in the jury, please.

"(The jury enters the courtroom.)

"THE COURT:   Good morning, ladies and gentlemen.  Having heard nothing to the contrary, I assume that no contacts were made with you overnight concerning this case.  Is that right?

"(The jurors responded in the affirmative.)

"THE COURT:   And in accordance with another one of my instructions, did any of you read, listen to or view any media accounts, newspaper articles, what have you, concerning this trial?

"(The jurors responded in the negative.)

"THE COURT:   None?  Fine.  Then I would suggest that you go back to the jury room and continue your deliberations.

"Bailiff.

"(The jury leaves the courtroom.)"

Appendix to Appellee's Answering Brief at B-57.  As the state record indicates, a collective inquiry to the jury as to any exposure to the newspaper account resulted in a negative response. Since no juror indicated that he had seen or heard any of the publicity in question, the trial judge was not required to proceed any further with a juror by juror inquiry.  See, e.g. United States v. Crowell, 586 F.2d 1020, 1023-24 (4th Cir. 1978); United States v. Lord, 565 F.2d 831, 838-39 (2d Cir. 1977); United States v. Perrotta, 553 F.2d 247, 250 (1st Cir. 1977); United States v. Khoury, 539 F.2d 441, 442-43 (5th Cir. 1976).

5

Since none of the jurors was exposed to the newspaper article relating to petitioner's prior criminal history, his right to a fair trial was not violated. Consequently this claim is without merit and should be dismissed.

### 3. Sufficiency of the Evidence.

The convictions in this case arise from an armed robbery of a branch office of the Wilmington Trust Company at 3605 Market Street in Wilmington. The two perpetrators of the offense were armed and wore nylon stockings over their heads to conceal their identities. Kelly challenges the sufficiency of the evidence as to each charge for which he was convicted. In a habeas corpus proceeding, where a claim of insufficiency of the evidence necessary to convict is asserted, the court must determine whether, reviewing the record in the light most favorable to the prosecution, any rational trier of fact could find guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979).

Adjudged by this standard, the evidence of petitioner's guilt was overwhelming. Kelly was apprehended three blocks from the bank within minutes of the robbery along with his coconspirator Charles Crawford. One of the weapons similar to those brandished in the robbery was found in Kelly's pocket; the other was found under the seat of his car. There was a nylon stocking in his pocket. There was a red dye on his hands and clothing which was later determined to be the substance placed in dye packs. (In this case a dye pack had been set off.) The

eyewitnesses described petitioner as having a similar appearance to the robber, although they could not offer a positive identification on account of the stocking mask. One teller positively identified Kelly's trousers as identical to those worn by one of the robbers.

Finally the coconspirator Crawford pled guilty and testified as to his and Kelly's perpetration of the crime. Although Kelly denied guilt and offered a convoluted story of being in the wrong place at the wrong time, the jury was amply justified in rejecting this story and finding him guilty of all counts. A brief discussion of the evidence as it relates to the specific crimes will suffice. Three of the counts charge petitioner with armed robbery of three different tellers. Two of the tellers described how the robber had jumped over the counter with a gun in his hand and helped himself to money from their station while they stood aside. Another teller described how the robber looked toward him but didn't take any cash from his drawer, perhaps because that teller still had a telephone in his hand and the wires were draped over the drawer. On the latter charge the Delaware Supreme Court reduced the jury's conviction of first degree robbery to attempted first degree robbery since no money was actually taken from that particular teller. However the robber's actions up to that time were clearly a substantial step toward the completion of the robbery and there was ample evidence to support the conviction for attempted first degree robbery. The testimony of Crawford as to their planning

7

beforehand amply establishes the conspiracy charge. While the pistol held by Kelly during the robbery turned out to be a tear gas gun, the government sought the weapons convictions against Kelly as an accomplice on the basis of the operative shotgun carried by his coconspirator Crawford during the robbery, a charge well supported by the evidence, see 11 Del. C. § 275. Under any standard that could be devised, the evidence presented by the prosecution was sufficient to convict Kelly beyond a reasonable doubt of all the crimes challenged in the petition.

Since there is no merit to any of the claims in the petition, I recommend that the writ be denied and the petition dismissed.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

EDWARD J. KELLY,                           )

      Petitioner,                        )

  v.                                       )

WALTER REDMAN, WARDEN, AND                 )     Civil Action No. 85-562 - JLL
CHARLES OBERLY, ATTORNEY
GENERAL OF THE STATE OF                    )
DELAWARE,
                                           )
      Respondents.                       )

## FINAL ORDER

    This ___4ᵗʰ___ day of _February, 1986_, for the reasons
stated in the Magistrate's Report and Recommendation, dated
January 16, 1986.

    Now, therefore, IT IS ORDERED that:

    1.  The Magistrate's Report and Recommendation is
accepted and adopted by the Court.

    2.  The application for a writ of habeas corpus
is hereby denied and the petition is hereby dismissed.

    3.  No probable cause exists for an appeal.

                           _Joseph J. Longobardi_
                    United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

EDWARD J. KELLY,                    )
                                    )
            Petitioner,             )
                                    )
    v.                              )    Civil Action No. 87-83
                                    )                       JJF
WALTER W. REDMAN, WARDEN,           )
ET AL.,                             )
                                    )
            Respondents.            )

---

Edward J. Kelly, petitioner, pro se.

Loren C. Meyers, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, attorney for respondents.

---

MAGISTRATE'S REPORT AND RECOMMENDATION

Dated:  May 21, 1987

Wilmington, Delaware

*T. Richard Powers*
POWERS, U. S. MAGISTRATE

The petitioner in this habeas corpus action challenges the life sentence imposed on him by a Superior Court judge as a habitual offender following his conviction of first degree robbery (3 counts), second degree conspiracy, possession of a deadly weapon during the commission of a felony and possession of a deadly weapon by a person prohibited. This is the second habeas corpus action that petitioner has brought. The previous one was dismissed as without merit. Kelly v. Redman, No. 85-562 (D.Del. February 4, 1986). The state urges that the second petition should be dismissed for abuse of the writ under Rule 9(b) of the Rules Governing Section 2254 Proceedings. The state urges alternatively that the petition should be dismissed without reaching the merits because the state courts dismissed the petitioner's motion for post conviction relief without reaching the merits on account of a procedural default.

However where as here a petition is patently frivolous, judicial economy is served by reaching the merits rather than engaging in an extended discussion of reasons when the petition should be dismissed without reaching the merits. Cf. Rose v. Lundy, 455 U.S. 509, 525 (1982)(Blackmun, J. concurring).

One of the prior offenses utilized to establish petitioner's habitual offender status was a 1972 federal bank

2

robbery conviction in this Court. Petitioner entered a plea of nolo contendere to a violation of 18 U.S.C. § 2113(d). He was sentenced under the Narcotic Addict Rehabilitation Act of 1966 ("NARA"), 18 U.S.C. § 4253, to an indeterminate sentence not to exceed ten years. Kelly urges that commitment under § 4253 is a civil commitment by virtue of 28 U.S.C. § 2904, and that upon the completion of his sentence, the criminal charges were dismissed under 28 U.S.C. § 2902(c). This agreement simply confuses several different statutes for treating criminal offenders who are narcotic addicts. Under 28 U.S.C. § 2902 a narcotic addict accused of a federal offense may be admitted to a program of treatment and rehabilitation, which if completed successfully, can result in dismissal of the criminal charges. Whether a defendant will be offered this program is a matter within the sole discretion of the district judge.

Petitioner was not offered this program. Instead he entered a plea of nolo contendere to the bank robbery charges which constitutes a conviction. See 18 U.S.C. § 4251(e). As a result of his conviction and his drug addiction, petitioner was eligible for an incarceration program which included treatment for drug addiction at a facility designated for such treatment. 18 U.S.C. § 4253(a). The fact that he received a sentence under § 4253 did not transform his sentence into a civil commitment and thereby erase his conviction. Thus petitioner's argument that his 1972 federal bank robbery conviction was set aside is clearly without merit.

3

Next petitioner challenges the sufficiency of the evidence establishing his 1972 federal conviction. He argues that a copy of the docket sheet for the offense certified by the Clerk of the U.S. District Court is insufficient. The docket sheet indicates on its face that petitioner was indicted for "Bank robbery by intimidation" in violation of 18 U.S.C. § 2113(d). The entry for September 6, 1972 indicates that "upon arraignment Deft. entered a plea of Nollo Contendre (sic)." There was no indication, as petitioner suggests, that his plea was to a lesser offense. The state courts held that this document was admissible and that it established petitoner's prior conviction of bank robbery. The sufficiency of proof, based on the information set forth on the docket sheet, clearly meets the constitutional standard[1]. Jackson v. Virginia, 443 U.S. 307 (1979). The question of admissability of the documents for the purpose offered is a matter of state evidentiary law not cognizable in habeas corpus proceedings.

Petitioner's last claim is that it was error for the Delaware Supreme Court to refuse to consider the merits of the first two claims in his Rule 35 motion because he had failed to raise them on direct appeal. This argument is without merit for three reasons. First, a state procedural rule that a claim must be raised on direct appeal or it is waived is entirely proper,

---

[1] Lest there be any question that a miscarriage of justice occurred, the Court checked with the U. S. Probation officer responsible for preparing the presentence report following petitioner's nolo contendere plea and determined that petitioner was in fact convicted of a violation of 18 U.S.C. § 2113(d).

see Wainwright v. Sykes, 433 U.S. 72 (1977), and the claims raised herein relating to petitioner's life sentence obviously could have been raised on direct appeal. Second, it is clear from the Delaware Supreme Court's judgment order that in addition to relying on the cause and prejudice test of Wainwright v. Sykes, supra, the Court also considered the merits of the claim. Kelly v. State, No. 287, 1986 (January 23, 1987). Third, this Court has also reviewed the first two claims and found them to be without merit. Consequently petitioner's claims have received considerable review on the merits.

Since there is no merit to any of the claims in the petition, I recommend that the writ be denied and the petition dismissed.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

EDWARD J. KELLY,                        )

     Petitioner,

                          )

  v.                                   Civil Action No. 87-83 - JJF

WALTER W. REDMAN, WARDEN,
ET AL.,                                 )

     Respondents.

                          )

## FINAL ORDER

This _23rd_ day of _September_ 198_7_ for the reasons

stated in the Magistrate's Report and Recommendation, dated

May 21, 1987.

    Now, therefore, IT IS ORDERED that:

    1.  The Magistrate's Report and Recommendation is

accepted and adopted by the Court.

    2.  The application for a writ of habeas corpus

is hereby denied and the petition is hereby dismissed.

    3.  No probable cause exists for an appeal.

_Joseph J. Farnan_
United States District Judge

## UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

### C.A. No. 87-3710

EDWARD J. KELLY

vs.

WALTER REDMAN and
CHARLES OBERLY

RECEIVED

FEB 2 1988

DEPARTMENT OF JUSTICE
CIVIL DIVISION

(D. Del. Civ. No. 87-0083)

Present:    BECKER, HUTCHINSON and COWEN, CIRCUIT JUDGES

Submitted are:

(1) Appellant's request for a certificate of probable cause, pursuant to Rule 22(b), Federal Rules of Appellate Procedure; and

(2) Appellant's motion for appointment of counsel

in the above-captioned case.

Respectfully,

*Sally Mrvos* (CEC)
Clerk

SM/CEC/ks

The foregoing request for a certificate of probable cause is

*denied - Appellant's motion for appointment of counsel is denied as moot.*

By the Court,

Circuit Judge

Dated:    January 29, 1988  L1/cc: EJK
                                    LCM ✓

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

ABDULLAH KARIM,                     :
a/k/a EDWARD J. KELLY,              :
                                    :
              Petitioner,           :
                                    :
      v.                            :      Civil Action No. 91-677-LON
                                    :
STANLEY TAYLOR, JR., and            :
CHARLES M. OBERLY, III,             :
                                    :
              Respondent.           :


## MAGISTRATE'S REPORT AND RECOMMENDATION

--------------------------------------------------------------

Abdullah Karim, a/k/a Edward J. Kelly, <u>pro</u> <u>se</u> prisoner, Delaware
Correctional Center, P.O. Box 500, Smyrna, Delaware 19977

Loren C. Meyers, Esquire, Deputy Attorney General, Department of
Justice, 820 N. French Street, Wilmington, Delaware 19801, attorney
for defendants

--------------------------------------------------------------

Dated:  May 27, 1993

Wilmington, Delaware

1

TROSTLE, U.S. Magistrate-Judge

## INTRODUCTION

Petitioner has filed for a federal habeas relief pursuant to 28 U.S.C. §2254 on several grounds.  For the reasons stated below, petitioner's writ of habeas corpus application should be denied.

## FACTS AND PROCEEDINGS

In January 1983, petitioner Abdullah Karim (a/k/a Edward J. Kelly), was convicted of three counts of first degree robbery and one count each of second degree conspiracy, possession of a deadly weapon during the commission of a felony, and possession of a deadly weapon by a person prohibited.  Petitioner was sentenced, on the State's motion, as a habitual offender, under 11 Del. C. §4214(b), to life imprisonment without parole.  On direct appeal, the Delaware Supreme Court reduced one of the robbery convictions to attempted first degree robbery and affirmed the remaining convictions.  Kelly v. State, No. 23, 1984 (Del. July, 9, 1985). Petitioner then filed several state post-conviction motions, all which were denied.  Kelly v. State, No. 287, 1986 (Del. Jan. 23, 1987); Karim v. State, No. 262, 1991 (Del. Sept. 9, 1991).  In addition, petitioner has filed two previous actions for habeas relief.  Kelly v. Redman, Civ. No. 85-562-JLL ( D. Del. Feb. 4, 1986); Kelly v. Redman, Civ. Act. No. 87-83-JJF (D.Del. Sept. 23, 1987), cert. prob. cause denied, No. 87-3710 (3d Cir. Jan. 29, 1988).

In this action, petitioner alleges four grounds for

habeas relief. (1) That the habitual offender sentence was obtained illegally, since one of the underlying offenses used to establish the sentence was a plea of nolo contendere in federal court in 1972 for a bank robbery; (2) that the state time bar on post-conviction motions under Superior Court Criminal Rule 61 was applied retroactively, thus violating petitioner's constitutional rights; (3) that the Superior and Supreme Courts of Delaware erred in applying a procedural bar to petitioner's claim of an illegal sentence, since under the state rules they are obligated to correct an illegal sentence irrespective of the procedural posture of the case and (4) that when petitioner was convicted of robbing three bank tellers in August of 1982 his indictment suffered from a multiplicity defect.[1]

Respondent argues that application of abuse of the writ, or in the alternative, procedural default is appropriate with respect to petitioner's first claim. Within respondent's abuse of the writ defense, it is argued that, since petitioner has not established cause the Court need not determine whether actual prejudice exists. In addition, respondent contends that abuse of the writ is appropriate, since a fundamental miscarriage of justice

---

[1] Petitioner's application for habeas relief states only three grounds for relief. For the purposes of this review the Court divided petitioner's second claim into two parts, since in his Reply to Respondent's Answer (D.I. 12), petitioner clarifies his position as to the judicial errors in application of state post-conviction rules. In addition, in order for this Report to read more clearly, the Court will review the claims out of order.

has not been presented as to this claim.[2] In addition, respondent argues dismissal of ground four, since abuse of the writ and procedural default are also present. As to grounds two and three, respondent contends that such claims are not cognizable under section 2254.

**DISCUSSION**

### Abuse of Writ

The Supreme Court recently clarified the principles governing the abuse of the writ doctrine in <u>McCleskey v. Zant</u>, 111 S.Ct. 1454 (1991). Under <u>McCleskey</u>, respondent satisfies its burden of pleading abuse of the writ "if with clarity and particularity, it notes petitioner's prior writ history, identifies the claim that appears for the first time and alleges that petitioner has abused the writ." <u>Id</u>. at 1470.

Under the Supreme Court's <u>McCleskey</u> decision, after the state meets its pleading burden, the burden then shifts to the petitioner to disprove abuse of the writ by showing that the failure to include claims in a prior petition now presented in the successive position did not result from inexcusable neglect. In order to disprove abuse of the writ and inexcusable neglect, a habeas petitioner must show cause for failing to raise the new claims in his prior petition and "[o]nce he has established cause,

---

[2]The Court ordered respondent to supplement the Answer, to address the merits of petitioner's claim pursuant to Rule 5 of the Rules Governing Section 2254. Respondent filed a Supplement to Answer on February 1, 1993 (D.I. 15). For the purposes of this Report, the Court will consider the supplement along with the original Answer (D.I. 7), in determining whether respondent has adequately pled abuse of the writ.

4

he must show 'actual prejudice resulting from the errors of which he complains.'" Id. at 1470 (quoting United States v. Frady, 456 U.S. 152, 168 (1982)). Therefore, the cause of prejudice analysis applicable to procedural default issues also applies in the abuse of writ context. Id. ("To excuse his failure to raise the claim earlier, he must show cause for failing to raise it and prejudice therefrom as those concepts have been defined in our procedural defaulted decisions").

"To show cause, a petitioner must establish that 'some external impediment' prevented him from raising the claim in a earlier habeas corpus petition." Wise v. Fulcomer, 958 F.2d 30, 34 (3d Cir. 1992) (quoting McCleskey, 111 S.Ct. at 1472). Examples of external impediments which have been found to constitute cause in the procedural default context and which apparently would be applicable to the cause analysis in the abuse of writ context, include "interference by officials...", "...a showing that the factual or legal basis for a claim was not reasonably available to counsel" or to petitioner, and "constitutionally ineffective assistance of counsel." McCleskey, 111 S.Ct. at 1470 (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).

However, an analysis of cause and prejudice does not end the inquiry under Rule 9(b). "If petitioner cannot show cause, the failure to raise the claim in an earlier petition may nonetheless be excused if he or she can show that a fundamental miscarriage of justice would result from a failure to entertain the claim." McCleskey, 111 S.Ct. at 1470. See Sawyer v. Whitley, 112 S.Ct.

2514, 2518-20 (1992). Therefore, even in the context of abuse of the writ, when the circumstances so require, the court must address the merits of the petition.

As a preliminary matter, respondent concedes that petitioner has exhausted his state remedies as required under 28 U.S.C. §2254(b) as to petitioner's first claim. Therefore, analysis of abuse of the writ is appropriate.

The Court finds that respondent has sufficiently pled abuse of the writ. Respondent has shown, in attaching this Court's decisions on petitioner's prior applications for habeas relief to the original answer (D.I. 7), the relevant writ history. Respondent has also adequately alleged that petitioner did not present his first ground for relief in either his 1985 of 1987 federal habeas actions. <u>Answer</u> at 3-4. Finally, in extensively arguing reasons for denial based upon abuse of the writ, respondent has adequately alleged that petitioner has abused the writ.

Petitioner has alleged cause in an effort to disprove abuse of the writ. To excuse his failure, petitioner contends that: (1) he has limited education having only attended school up to the eighth grade; (2) lack of any formal legal training; and (3) deficient prison law libraries and insufficient training of law clerks in the prison law library. The court finds that these reasons do not establish cause under <u>McCleskey</u>. <u>Cornman v. Armontrout</u>, 959 F.2d 727, 729-30 (8th Cir. 1992) (inadequate assistance by inmate paralegal insufficient to establish cause); <u>Saahir v. Collins</u>, 956 F.2d 115, 117-18 (5th Cir. 1992) (pro se

6

status insufficient): <u>Stanley v. Lockhart</u>, 941 F.2d 707, 708-09 (8th Cir. 1991) (record showed that petitioner was competent during state post-conviction proceedings; pro se status and limited education did not constitute cause); <u>Thomas v. Lewis</u>, 945 F.2d 1119, 1123 (9th Cir. 1991 ) (rejecting allegation of cause premised on district court holding in civil rights action that law library of legal assistance procedures in prison were constitutionally inadequate); <u>Hughes v. Idaho State Board of Corrections</u>, 800 F.2d 905, 908-09 (9th Cir. 1986) (pro se status, illiteracy, and departure of inmate assisting petitioner insufficient cause). Without the requisite showing of cause, the Court need not determine whether there is actual prejudice.

However, as noted above, this determination does not end the inquiry if petitioner shows a fundamental miscarriage of justice would result from a failure to entertain the claim. Petitioner contends that he is "factually innocent" of the habitual offender statute, 11 <u>Del</u>. <u>C</u>. 4214(b), since the state was required to prove that petitioner had committed two prior felonies before he could be sentenced as a habitual offender.  One of the two prior felonies used by the state was a federal nolo contendere plea. Petitioner contends that the state was constrained by the habitual offender statute and Delaware Rules of Evidence 410(2), and 803(22) in using to nolo contendere plea to establish the habitual offender sentence.

11 <u>Del</u>. <u>C</u>. 4214(b) reads in part:

Any person who has been 2 times convicted of a
felony  or  an  attempt  to  commit  a  felony

7

> hereinafter specifically named, under the laws
> of this State, and/or any other state, <u>United
> States</u>, or territory of the United States, and
> who shall thereafter be convicted of a
> subsequent felony, hereinafter specifically
> named, or an attempt to commit such specific
> felony, is declared to be an habitual
> criminal, and the court in which such third or
> subsequent conviction is had, in imposing
> sentence, shall impose a life sentence upon
> the person so convicted...

(Emphasis added). Therefore, under the statute a conviction in

federal court can be used to support the habitual offender sentence

in the state of Delaware. The issue is whether a federal nolo

contendere plea can be used in this state sentencing proceeding.

After a review of the relevant state statutes and rules, the Court

finds that the federal nolo contendere plea can be used as an

underlying conviction to support the habitual offender sentence.

Petitioner is correct that, under DRE 410 and 803(22), a

plea of nolo contendere is not admissible in <u>any</u> criminal

proceeding against the person who made the plea.[3] However, under

DRE 1101(b)(3), the Delaware Rules of Evidence are inapplicable in

sentencing proceedings. Petitioner contends that 11 <u>Del</u>. <u>C</u>.

4214(b) is not a sentencing proceeding, and is a bifurcated

proceeding consisting of: "(1) there is a 'conviction' where one

is found guilty (2) then the actual or last stage the 'sentence'".

<u>See</u>, Letter to the Magistrate, dated February 4, 1993 (D.I. 16).

Even if petitioner's theory were correct, his argument does not

prevail. The "first stage" in petitioner's theory is the

"conviction" stage. Petitioner's conviction was based on a jury

---

[3]The same holds true in the Federal Rules of Evidence.

trial in superior court which was subsequently upheld by the state supreme court.[4] The "first stage", or the conviction, was based not on the nolo contendere plea in federal court. Thus, the nolo contendere plea must have been used in the "last stage", the sentencing phase. As indicated above, a nolo contendere plea can be used in a sentencing proceeding, since the rules of evidence do not apply. As a result, under petitioner's own theory, the nolo contendere plea could be used in the "last stage" or sentencing aspect of 11 Del. C. 4214(b).

Therefore, since respondent has adequately pled abuse of the writ and petitioner has failed to establish cause, or his "actual innocence" under McCleskey and Sawyer, this claim should be dismissed pursuant to Rule 9(b) foll., 28 U.S.C. §2254.

Petitioner's fourth claim relates to his robbery of a Wilmington Trust Company branch office in August of 1982. During that robbery petitioner took money from two tellers and attempted to do so from a third. Petitioner was accordingly convicted of two counts of robbery and one count of attempted robbery. Petitioner contends that with respect to the charge, his indictment suffered from a multiplicity defect. Petitioner has presented this claim to the state supreme court, where it was decided that he had procedurally defaulted on the claim. Petitioner has therefore exhausted his state remedies. Swanger v. Zimmerman, 750 F.2d 291 (3d Cir. 1984). However, respondent has argued that application of

---

[4]While the conviction was reduced in part by the Delaware Supreme Court, for the purposes of this proceeding, the conviction has the same effect.

Rule 9(b) is appropriate, since petitioner did not present this claim in either his 1985 or 1987 federal habeas actions.

The Court finds that respondent has adequately pled abuse of the writ. As shown above, petitioner has not established cause for his failure to submit this claim in his previous applications for habeas relief. Therefore, the Court need not determine actual prejudice. Furthermore, since petitioner has not shown any reason for the Court to consider this claim under the "miscarriage of justice" exception to the abuse of the writ doctrine, petitioner's claim should be dismissed pursuant to Rule 9(b) foll., 28 U.S.C. 2254.

**Errors in Post-Conviction Relief**

As to petitioner's second and third claims, it is alleged that the state courts erred in application of Superior Court Criminal Rules 61(i)(1) and 61(i)(5) in his application for post-conviction relief. As shown below, these claims state no independent basis for relief in a federal habeas action.

First, petitioner asserts that the three year time bar of Superior Court Criminal Rule 61(i)(1) was applied retroactively preventing him from raising claims in the state process. Errors in post-conviction proceedings are only material in the context of exhaustion of state remedies with the appropriate deference given to a finding of procedural default and similar procedural aspects of federal habeas litigation. See Bryant v. State of Maryland, 848 F.2d 492, 493 (4th Cir. 1988) (and cases cited therein); Spradley v. Dugger, 825 F.2d 1566, 1568 (11th Cir. 1987); Mitchell v.

10

<u>Wyrick</u>, 727 F.2d 773 (8th Cir. 1984). <u>cert</u>. <u>denied</u> 469 U.S. 823 (1984). Because this claim addresses issues unrelated to the cause of petitioner's detention, it does not state an independent basis for habeas relief.

In any event, the Supreme Court of Delaware has addressed this precise issue in <u>Bailey v. State</u>, Del. Supr., 588 A.2d 1121, 1125 (1991) and <u>Boyer v. State</u>, Del. Supr., 562 A.2d 1186 (1989), and the Court finds no reason to disagree with the conclusions reached in those cases.[5]  <u>Cf</u>. <u>United states ex rel. Caruso v. Zelinsky</u>, 689 F.2d 435, 439-43 (3d Cir. 1982) (interpreting an analogous New Jersey criminal procedural rule).[6]

Petitioner also appears to argue that the state courts erred in applying (or not applying) Rule 61(i)(5), since under that rule, petitioner's claim as to the use of the federal nolo contendere plea compelled an exception to the state procedural bar. As stated above, errors in post-conviction relief are not cognizable under section 2254. Furthermore, the use of the federal nolo contendere plea in support of the habitual offender sentence, did not violate petitioner's due process rights. Therefore, the state court did not err in their application (or non-application) of Rule 61(i)(5), since the exception under that rule was not

---

[5] In <u>Bailey</u>, the Delaware Supreme Court correctly determined that application of Rule 61(i)(1) did not violate the ex post facto prohibition, since the change was procedural in nature. <u>Id</u>. at 1125-26 (citing <u>Dobbert v. Florida</u>, 432 U.S. 282, 293-94 (1977)).

[6] Since petitioner has no cognizable claim under section 2254, he is not required to exhaust state remedies as to this issue. <u>See</u> <u>Tillet v. Freeman</u>, 868 F.2d 106, 108 (3d Cir. 1989).

11

applicable to petitioner's case.  Thus, each of petitioner's claims as to application of the state procedural bars under Rule 61 are without merit.

For the foregoing reasons, petitioner's request for federal habeas relief should be denied.

An Order consistent with this Report and Recommendation shall follow.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ABDULLAH KARIM,                    )
                                   )
                    Petitioner,    )    Civil Action No. 91-677-LON
                                   )
                                   )
        vs.                        )
                                   )
STANLEY TAYLOR, JR., et al,        )
                                   )
                    Respondents.)      O R D E R

        NOW, THEREFORE, after careful and de novo review of

the record in this action, for the reasons stated in the

Magistrate's Report and Recommendation, dated May 27, 1993,

Docket Item ("D.I.") 17,

        IT IS ORDERED that:

        1.  The Report and Recommendation is adopted by the

Court.

        2.  The Complaint is dismissed with prejudice.

        3.  No probable cause exists for appeal.

        4.  The Clerk shall mail a copy of this Order to the

Petitioner and to Loren C. Meyers, Esq., Wilmington, Delaware

19801.

_____ 6/24/93 _____

                        Joseph J. Longobardi, D.J.

## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2007, I electronically filed a motion to dismiss with the Clerk of Court using CM/ECF. I also hereby certify that on February 22, 2007, I have mailed by United States Service, two copies of the same document to the following non-registered participant:

      Edward J. Kelly
      SBI No. 070126
      Delaware Correctional Center
      1181 Paddock Road
      Smyrna, DE 19977

                            /s/ Elizabeth R. McFarlan
                            Deputy Attorney General
                            Department of Justice
                            820 N. French Street
                            Wilmington, DE 19801
                            (302) 577-8500
                            Del. Bar. ID No. 3759
                            elizabeth.mcfarlan@state.de.us