In The United States District Court
For The District Of Delaware

Edward J. Kelly,
    Petitioner

v.

Thomas Carroll, Warden, and
Joseph R. Biden III, Attorney
General.
    Respondents

Civ. Act. No. 06-715***



FILED
MAR -5 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

BD Scanned

**Petitioner's Motion To Oppose State's Motion To Dismiss**

    The above captioned Respondents through their attorney Elizabeth R. McFarlan has filed a timely motion to dismiss petitioner's timely appeal to this court from the Delaware Supreme court pursuant to 28 U.S.C. 2254. The petitioner Edward J. Kelly, In Pro Se assert the following grounds for this court to not dismiss his habeas corpus:

    1. The respondents cite the terms of the Antiterrorism and effective Death Penalty Act of 1996, Pub L. No. 104-132, 110 Stat. 1214, singed by then President Bill Clinton, as grounds to dismiss his petition. AEDPA does not apply to petitioner whereas this is Petitioner's "first application" under this issue. Although petitioner Kelly has filed at least three prior claims, they were all separate issues.

    2. The respondents state: "Clearly then Kelly's argument was available to him when he filed his earlier federal habeas petitions." This court or the AEDPA standard cannot hold the petitioner to the same standards as a practicing attorney. The petitioner Kelly is not a lawyer and he is learning the legal process as he goes along. The omission he has made over the years was not deliberate, and he should not be punished for his omissions, especially because he is serving the ultimate prison sentence of "life without parole." Therefore with a life or death sentence a man should be given every opportunity to defend himself, unless Respondents can prove the petitioner was represented by attorney at each prior habeas proceeding.

    3. If this court applies the AEDPA to petitioner will in fact provide a "double standard" type of justice. There is established case law that states a Pro Se defendant cannot be paid under the standard for being a lawyer, but yet he is held accountable for mistakes and omissions as if he is a lawyer. There are other provisions that hold a Pro Se defendant accountable for legal errors, but none to benefit the Pro Se defendant

4. This court must agree that the issue the petitioner presents, Delaware's Habitual Offender Statute is of serious interest to more than one hundred Delaware prisoners, the state attorney General and the entire Delaware legislators on how prisoners are sentenced in Delaware under this harsh penalty. In other words the issue is too important to be dismissed without a fair opportunity for a jury of Delaware citizens to hear the issues involved.

For the foregoing reasons, the petitioner's petition for a writ of habeas corpus should not be dismissed.

*Edward J. Kelly*
Edward J. Kelly, #070126, Pro Se
Delaware Correctional Center,
1181 Paddock Road
Smyrna, Delaware 19977

Date: February 28, 2007

### Certificate Of Service

I herby certify that on Feberuary 28, 2007 I mailed one copy of the enclosed "Motion to oppose dismissal." filed on February 22, 2007 by the Respondent's attorney. I have placed on true copy in the mail bag at the Delaware Correctional Center To:

Elizabeth R. McFarlan, Attorney
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, Delaware 19801


_____
Edward G. Kelly #070126   Pro Se
Delaware Correctional Center
1181 Paddock Road
Smyrna, Delaware   19977

I/M EDWARD J. Kelly       Unit S-1
SBI# 070126
Delaware Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977

U.S.M.S.
X-RAY

[Postage: $00.390 MAR 03 2007, MAILED FROM ZIPCODE 19977]

The United States District Court
c/o Clerk of the Court
LockBox 18
Wilmington, DE.    19801